Filed Oct. 11, 1884.

———————◆———————

No. 11,420.

WHITEHILL ET AL. *v.* FAUBER.

INJUNCTION.—*Execution.*—*Judgment.*—*Purchase of Land.*—*Demurrer.*—Where a complaint to enjoin the sale of land on an execution alleged, not only that the plaintiff in the execution had receipted the same, but that the judgment had been actually paid in full and returned satisfied nearly three years before the complainant bought the land and took possession of it and paid for it, and that at the date of such purchase there was no judgment lien or other incumbrance on the property, a demurrer for want of sufficient facts should be overruled.

SAME.—*Evidence.*—*Complaint.*—*Parol Contract.*—In such case, an exception to parol evidence in reference to a parol contract for the purchase of the land, offered on the trial of the issues formed under such complaint, is not well taken, which states as a reason for excluding the evidence that "the complaint is based upon a written contract, and contains no allegations sufficient to authorize proof of a parol contract."

From the Warren Circuit Court.

*J. G. Pearson,* for appellants.

*T. F. Davidson* and — *Durborow,* for appellee.

BICKNELL, C. C.—The appellee filed his complaint against the appellants to enjoin the sale of the plaintiff's land on an execution in favor of the appellant Whitehill against Taylor White. The appellant Stump was the sheriff who held the

execution. A demurrer to the second paragraph of the complaint was overruled.

The defendants answered jointly by a general denial, and Whitehill answered separately in two paragraphs, to which there is no reply in the record; they are treated as denied.

The court found for the plaintiff and awarded a perpetual injunction. The defendant's motion for a new trial was overruled and they appealed.

They have assigned as errors:

1. Overruling the demurrer to the second paragraph of the complaint.

2. Overruling the motion for a new trial.

As the second paragraph of the complaint alleges not only that Whitehill's execution was receipted in full by him, but that it was actually paid in full, and returned satisfied nearly three years before the appellee bought the land in controversy, and took possession of it and paid for it, and that at the time of such purchase there was no judgment lien or other encumbrance upon the property, and as these allegations are admitted by the demurrer, there was no error in overruling it.

There was evidence tending to show that one Stinespring had a judgment in attachment against White, requiring the sale of twelve and two-thirds acres off of the west side of the southwest quarter of the southeast quarter of section 28, township 21, range 9 west, but that the sheriff, in his advertisement of sale, omitted the words " of the west side " and described the land as twelve and two-thirds acres off of the southwest quarter of the southeast quarter of said section, town and range, and his return stated a sale of the land, as above described, to said Stinespring, on November 23d, 1878, for $116.06, which was enough to pay the debt and costs, and Stinespring receipted in full of the execution.

It appeared that the appellant Whitehill, in March, 1879, obtained a judgment against said White, and then as judgment creditor redeemed from Stinespring's sale, and issued

an execution on his own judgment, under which there was a sheriff's sale of said redeemed property to said Whitehill, on January 3d, 1880, and that he, on January 31st, 1880, receipted in full of his said judgment, and that on June 22d, 1880, said last mentioned execution was returned satisfied in full. In all of these proceedings of Whitehill, the land was described as twelve and two-thirds acres off of the southwest quarter of the southeast quarter of the section, town and range aforesaid. No further proceedings were shown until September 25th, 1882, nearly three years after Whitehill had executed his receipt in full, and more than two years after his execution had been returned satisfied.

There was evidence tending to show that the southwest one-fourth of the southeast one-fourth of section twenty-eight aforesaid, had been divided into three parts, of twelve and two-thirds acres each, one on the west side, one on the east side, and one in the middle, divided by parallel lines running north and south across the entire tract, and that the twelve and two-thirds acres off of the west side was the land ordered to be sold under Stinespring's attachment, which, however, was not properly sold, because in the advertisement of the sale the words " of the west side " were omitted.

It appeared that the appellee, Fauber, employed an attorney to examine the records, who reported that there was no judgment lien on the land in controversy, which is the said middle twelve and two-thirds acres; and that on September 25th, 1882, Fauber bought from said White said middle twelve and two-third acres, and that after said purchase Whitehill filed his complaint against White alone, in which he stated the aforesaid misdescription, and demanded relief against White, and on November 11th, 1883, obtained a decree that the satisfaction of his said judgment be set aside, and that said judgment be restored to full power, and that he be subrogated to all the rights of said Stinespring in and to the judgment obtained by the latter against said White.

After these proceedings Whitehill issued the execution complained of in the present suit, and had it levied by his co-appellant Stump upon the middle twelve and two-thirds acres purchased by the appellee as aforesaid.

The appellee testified as follows: "I am in possession of the land in controversy; I bought it from Taylor White on the 25th of September, 1882, and took possession of it and paid him for it; the contract was not reduced to writing except that he gave me a deed for it."

The reasons for a new trial are:

1. That the finding was not sustained by sufficient evidence.

2. That the finding was contrary to law.

3. That the appellee was permitted to testify as above stated.

The objection to this testimony, as stated in the bill of exceptions, is, that " the complaint is based upon a written contract, and contains no allegations sufficient to authorize proof of a parol contract."

This objection can not be sustained. The complaint is based upon the appellee's purchase and payment for and possession taken of the land levied upon, at a time when the records showed no lien upon it in favor of Whitehill.

The defence that the appellee had notice that Whitehill's judgment was in fact unsatisfied was not sustained by the evidence.

There was evidence tending to support the finding, and it was not contrary to law.

The judgment ought to be affirmed. This result renders it unnecessary to examine the cross errors.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Sept. 20, 1884.